20-1712 Intel Corporation v. VLSI. Mr. Saunders, whenever you're ready. May it please the court. I'd like to focus primarily on claim construction, which is dispositive here. Intel is not saying that the second and third voltage reference must be the same. Our point is simply that the claims do not require separation. Indeed, dependent claims 8 and 11 make clear that the second and third voltage reference can be quote, substantially equal. And elsewhere where the patentee wanted to require that enumerated elements be different, it said so. The claims are thus broad enough to encompass both the figure four embodiment, in which the second and third voltage reference are different, and the figure three embodiment, in which they are the same. And the question before this court is not whether the claims unequivocally require Intel's construction as the one and only possible interpretation. The BRI standard applies. And at the very least, our construction is not unreasonable. Now the board based its restrictive construction primarily on the word second and third. But the that context matters when you're talking about enumerated embodiments. This is Judge Prez. Good morning. Can I just ask you, we've got limited time. Some aspects of this case I find very confusing. And one of them is the difference, if any, between a voltage reference and a voltage domain. What is the difference? And did you explain that to the board? Because a lot of this goes to an argument you make about the figures and only being two domains, but including three references. And I'm just very confused looking at the figures and understanding the difference between those two terms. Sure. So a voltage domain is the group of circuitry that's receiving the same voltage, so provided by the same source. A voltage reference in the context of this patent and these claims is just the voltage value itself. And this came up most notably at the oral hearing, where I think the parties were talking past one another on that point. But particularly when you look at the dependent claims 8 and 11, and the way they are worded to require the second voltage reference is substantially equal to the third voltage reference, that that's most logically read as saying that those are values. And so what you have these claims is the second and third are just showing the correspondence here. The second voltage reference is the value that's being provided to the second transistor, and the third is the value at the third transistor. And the language is doing work here. We're not reading the word second and third out of the claim. They indicate that they may be distinct, but they don't require that those values be a natural source. Well, you refer to a few of the claims, and I've been focusing more on claim 10. So can a single voltage domain include two separate voltage references? It couldn't in the sense that voltage reference is used here, which would be a value. A single voltage domain is going to have the same value throughout for all that circuitry. So is it your position that because only a second and not a third voltage domain is claimed in claim number 10, that claim includes some embodiments where the second and the third voltage references must be the same and cannot be separate? For some embodiments, that would be true. And so in claim 9, from which claim 10 depends, you specifically have the reference to being operable in the first voltage domain and operable in a second voltage domain different from the first voltage domain. So two domains, two sets of circuitry that are receiving different voltages. When you get to claim 10, there is added the reference to the first, second, third voltage references. Because you're talking about two domains, you would naturally encompass embodiments in which the second and third voltage references are in the same domain, i.e. they have the same value. We're not saying it's restrictive. Claim 9 uses the word comprising. So it could include a third voltage domain, but it doesn't require that. And this goes part to the sort of board's reasoning about the alleged benefits of the figure 4 embodiment, which was in that embodiment as opposed to the figure 3 embodiment, the patent in column 6 talks about having a third voltage domain and the benefits of shifting between more than two voltage domains. But if these claims were supposed to be closed, if they're supposed to be restrictive and limited to the figure 4 embodiment, it would be very strange that the claims aren't claiming that benefit. They specify that the wordline driver is operable in a first domain, operable in a second voltage domain, but don't require that it be operable in a third voltage domain, as you would expect if they're focused on that figure 4 embodiment. The other thing we have here is we can look to claims 9 and 12, which both have enumerated elements as well. But there, when the patentee wanted to draw a distinction, wanted to require a difference or separation, it said so. In claim 9, you have a first voltage domain and a second voltage domain that is different from the first voltage domain. In claim 12, it's the first gate oxide thickness and a second gate oxide thickness that is different from the first. So, you know, putting all of these together, we think that these are broader claims than the board construed them to be. Well, let's ask you about that. Different means something other than separate, right? In this context, it means a different voltage level, right? The difference could mean a different voltage level. You know, it was being used, the word difference, I think, was being used in the sense of the LSI's construction. You know, if you look at page 4658 of the appendix, the patent owner preliminary response criticizes our Takahashi reference by saying that Takahashi, quote, does not disclose a third voltage reference different from the second voltage reference. So, yes, there could be other differences than just separation, but I think here, especially when you then pair the references that are distinguishing the enumerated elements, or so the claims are distinguishing the enumerated elements from the dependent claims 8 and 11 that are talking about a substantially equal second voltage reference and third voltage reference, the message is clearly conveyed is if separation was required as opposed to merely permitted by these claims, then there would be a clearer indication. And the fact that... So, I think the lesson of this court's case is that the context matters. And so... Well, I'm going to debate that point with you, but is my assessment of our case law correct? That these terms are used to distinguish between different elements of a claim? Well, they're used to label those different elements, which can avoid confusion. It can show correspondence with another element, but it doesn't always indicate a difference from the other one. So, in this sense, you know, there is a second voltage reference. Here is the voltage reference for the second transistor. Third voltage reference is the transistor. So, that correspondence is shown. But in terms of whether there is separation, you know, in none of the cases that VLSI cites was the numbering alone dispositive. And to the extent they address the issue, the requirement for separation always arose from something else, usually something in the specification. So, you know, you had a second portion and a return portion, so different labels. But the reason they had to be separate is because they were being described as being bent in different directions. In the Comiper v. Antec case they cite, you had a first opening and a second opening, but they were described as being in different locations, and they had to work so that air was drawn in through one and expelled through the other. University of Minnesota v. AGA Medical, you know, tellingly, that case didn't emphasize the words first and second disk. The analysis was focused on the word connected, affixed, the description of the present invention as two disks attached to one another, and the lack of any embodiment constructed as a single piece. And then many of the other cases really don't even speak to this issue at all. They were about first and second and third being about relative placement, and any background assumptions in those cases about the sharp distinction between the factors were, again, driven by the specification. And on the other hand, you have cases like Powell v. Home Depot where you have separate terms, a cutting box and a dust collection box, but a single structure satisfying both of them. Or Linear Tech v. ITC where you have a second circuit and a third circuit, and the holding was that they could share circuit elements. So I think when you put all of the cases together, it really is that you can't put too much weight just on those numbered terms in isolation. You have to view them in the context. And here, the context of the dependent claims, the context of the claims that expressly call out differences when they want to have differences, the dependency from claim nine, which has more than two voltage domains, all point in the direction of our construction. Okay. Thank you. Let's hear from the other side and reserve your time. Mr. Lowenstein? Good morning, your honors. May it please the court. So I think we should first start by clarifying what the board's construction was. I think what the board's construction was is very clear. The board's construction was that the second voltage reference must be separate from the third voltage reference. The board didn't reach anything about voltage domains or the meaning of a voltage reference. And if you go back to Intel's opening brief, their argument was largely centered upon what I would say is a misconstruction of what the board's very clear construction was. It's just that the two elements need to be separate. I would submit, your honors, that the board's construction is clearly correct under the record evidence. Yeah, please. The board seemed to conflate at some point, at least, voltage domain and voltage reference. And you would agree there's a difference between the two, correct? I believe there is a difference between the two. I do want to clarify, however, that neither side has construed voltage reference alone or voltage domain. One of our gripes, for lack of a better word in this case, was even in our sore reply below, we said Intel had not defined a voltage reference or voltage domain or explained the relationship between the two. Well, do you think a separate voltage reference implied the existence of a separate voltage domain? I think the patent suggests that is the case in the instance of you bring VDD2 down to ground and VDD3 is high. The patent seems to suggest that you're operating in a third voltage domain in that instance. But I want to get to the particularity of Intel's position. And I believe there's a significant inconsistency in their position with respect to the relationship between a voltage domain and a voltage reference that's arisen in their reply brief and in oral argument. So as I said, they never defined a voltage domain below. But when we get to their reply brief for the first time, they say, of course, we defined it below. See this deposition answer from our expert in a footnote. Now, obviously, a deposition answer from their expert in a footnote is not a position taken by them below. But that testimony and what Mr. Saunders said in his argument, he said a voltage domain, I believe I'm getting this right, receives a voltage. But what they say, I counted it seven times in their reply brief alone. They keep saying the voltage domain supplies the voltage reference. So they're saying two separate things. They're saying the voltage domain is the thing that receives the voltage. And elsewhere, they're saying again and again and again that the voltage domain is the element that supplies the voltage. I think that inconsistency speaks to how undeveloped their position is. And even now, here on appeal, it's still being hashed out in some sense, and it's still inconsistent. This is Judge Clevenger. What does that have to do with whether the second must be separate from the third? Okay, so taking a step back, our positions, they have to be separate. Their counterposition is that the two can be supplied by the same domain. And so what I'm really saying is their position is inconsistent, and therefore incorrect. But I think there are many very good reasons to find that the second voltage reference is separate from the third. And I think as Judge Post mentioned, she's absolutely correct. Generally, the first, second, and third, that sort of language, ordinal numbers, does refer to different elements. That's consistent with Beckton-Dickinson as well. But if you look at the language in 3M and Gillette and free motion, they all say it's a common patent law convention, first, second, third, to refer to repeated instances in the art. And then also, if we just take a step back and just look at basic English, if we imagine this was a plane to a stool, and there was a first leg, a second leg, and a third leg, they're looking at a pilot reference stool with only two legs and saying the second leg is the second and the third leg. It just doesn't comport with basic English. But then, okay, so they say... Well, Mr. Sext argument is, well, that depends on the context. So you could pick the hypothetical where the context goes your way. That doesn't necessarily mean that in certain other contexts, it can't be construed the other way, right? I don't believe they've cited a single case, Your Honor, where there's a first, second, third, and there's no separation between the two. The only case that they even purport to say that is Roe v. But in Roe v., there's a first program guide and a second program guide. And the combination that was applied to that was a first instance of someone opening the program guide on one TV and a second instance of someone opening the same program guide on a different TV. So there are different instances. They haven't identified any case that would suggest that one... Roe v. is the non-presidential case, right? Correct. And that's, I think, their best case, but I don't think it actually... I view it as a very anodyne case that doesn't help them at all. Yeah, so just to complete that thought, I don't believe they cite any case that suggests you can have one unitary element that's just a single voltage reference. And that would apply upon two voltage references in the claim. There's no case that stands for that. All the cases they cite, Powell, Linear... I'm blanking on the name of the third. I think it's Retractable. All of those cases basically say you don't have to be entirely separate where the specification suggests it doesn't need to be entirely separate. So, you know, if you have a cutting box and the specification says, as a part of the cutting box, you can have a sawdust collection fixture, well, then that's OK. And that's quite reasonable. But that's quite different from saying VBT, that one voltage reference in Takahashi, is both the second and third voltage reference for the claims. They don't have any case that supports that proposition. But it's not just the plain meaning. So they say a lot about BRI, BRI, BRI, but BRI is not some magical incantation that you can just pull out and it solves all of your problems. If you actually look at what the case law says about BRI, is it says in trivascular that the plain meaning governs unless it is inconsistent with the specification or the is not only not inconsistent, it's entirely consistent with our position. Just briefly, because I'm sure you're very familiar with those arguments. There's a figure four embodiment that unambiguously has, they admit, has three separate voltage references. So obviously, that supports our view. And when you go into the technical reason for having such structure, it's that they want to your construction, right? I don't ignore figure three, I just think figure three is, is clearly inconsistent with the plain meaning of the claim. So then additionally, if we look at what this court found in August, the contact, I believe the case is, we say, okay, first of all, in BRI, you don't need to cover all embodiments, particularly when the plain meaning doesn't suggest that you would. And that is especially true. So this court said in August, when the parent patent claims that otherwise unclaimed embodiment and is undisputed that claim 11 of the parent covers the figure three embodiment. So with that, I think the issues in this case are very clear. I think our position has been clear and consistent throughout. I think the other side has mischaracterized the board's construction. I think that's in and of itself, evidence of the correctness of the board's construction. If the board's construction was an error, they would have aimed their fire at that current construction rather than the one they, I don't mean to be pejorative, but sort of made up, I would say. I think our construction, the board's construction aligns with the plain meaning, this board's precedents, the specification of the prosecution history. And I think it's a fairly clear case. And so what I'd like to do with the rest of my time is just answer any other remaining questions that your honors may have. Hearing none, why don't we conclude and hear from Mr. Sanders? Thank you, your honor. Thank you. Thank you, Chief Judge Prost. On the sort of plain meaning of the terms, just if you would think for a moment as to what the patentee would have said, if as we're contending, it was trying to claim both the figure four and figure three embodiment. So to have a broad claim here, it would have, it needs to have a voltage reference for the second transistor, and it needs to have a voltage reference for the third transistor. So what do you call those if you want them to be able to be both, if you want them to either be the same or different? You're indifferent, you want a broad claim. And in that context, it's perfectly logical to call one the second and one the third. You're not dictating a difference. You are not like in the other claims, claims nine and 12, where you want a difference saying different from the other. You're not saying separate from the other. But you're also not using a term that would be confusing. You're not just saying a voltage reference and using the same term twice, which might confuse someone into thinking that they are required to be the same. You're using language that is showing the correspondence to the two transistors and is itself open as to whether they may be different, but they do not require it. And when you put that together with the context of the dependent claims that then say they could be substantially equal, that is exactly the way you would claim it if you wanted the broad claims one and 10 to cover both embodiments. And then you want to drill down to claim one of the embodiments within that. Reference was made to the claims in the prior patent. I don't think that's dispositive in the sense that it's perfectly natural that if you had claimed one embodiment previously, it doesn't stop people from trying to seek a broader claim where in one claim you would cover both embodiments. And I think the lesson we see here, and we haven't talked about as far as the prosecution history, also has an example of the examiner saying that claims in essentially their unequivocally had the same voltage supplied to the second and third transistor. And so you have the examiner himself looking at these claims and understanding them as in our terms, claims that would cover both the figure three and the figure four embodiment. So given all of that context, we think that this is the case is properly decided by allowing the case to be submitted. Thank you. We thank both sides and the case is submitted. Thank you very much.